# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| **OMAR DRIFF,** *et al.*, | |
| **Plaintiffs,** *et al.*, | |
| v. | **Civil Action No. AW-05-975** |
| **MARGURET BELLA EYOMBO,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM OPINION

This diversity action was removed from the Circuit Court for Prince George's County, Maryland. Currently before this Court is Plaintiffs Omar Driff and F. Douglas Yeatman's (collectively, "Plaintiffs") Motion to Remand [7]. The motion has been fully briefed and is ripe for consideration. No hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Plaintiffs' Motion to Remand is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from Plaintiffs' complaint. On September 23, 2004, at approximately 5:10 a.m., Hichman Drif was operating a motor vehicle in the left lane of northbound Route 301 in Prince George's County, Maryland. At that same time and place, Marguret B. Eyombo ("Eyombo") was operating a 1997 Ford Crown Victoria, owned by Paramount Cab Company, Inc., ("Paramount") in the left lane of northbound Route 301. Plaintiffs allege that Eyombo was traveling at an excessive rate of speed and not paying proper attention. As a result, Eyombo swerved to avoid a vehicle owned and operated by Esteban Flores-Araniva ("Flores-Araniva") which stopped ahead of Eyombo in the left lane of northbound 301. Eyombo lost control of her vehicle, and as a result her vehicle traveled through the center median,

into the southbound lanes, and collided with a dump truck driven by Ernest Woody ("Woody"). Woody, who Plaintiff alleges was driving at an excessive rate of speed, lost control of the dump truck as he was proceeding into the northbound lanes, and collided with Hicham Drif's vehicle. Hicham Drif died as a result of injuries sustained in that collision.

On February 22, 2005, Plaintiffs brought a wrongful death and survival action against Defendants Eyombo, Paramount, Brenda Magnolia Woody,[1] and Flores-Araniva in the Circuit Court for Prince George's County. All Defendants are citizens of Maryland.

On April 7, 2005, individual Defendant Brenda Magnolia Woody filed a Notice of Removal and removed this action to this Court on the basis of diversity jurisdiction. On April 15, 2005, Plaintiffs filed a Motion to Remand this action back to state court. This motion is ripe and an opinion is now issued.

## DISCUSSION

A.     Legal Standard

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the corresponding district court. 28 U.S.C. §1441(a). Removal jurisdiction is strictly construed and the party seeking to invoke it has the burden of proving that the requirements for federal jurisdiction have been met. Birdsong Tractor & Supply, Inc. v. Microsoft Corp., 332 F.Supp.2d 890, 892 (D. Md. 2004). Removal jurisdiction raises significant federalism concerns, as a result, must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941). Where federal jurisdiction is doubtful, therefore, a remand is

---

[1] Brenda Magnolia Woody is the Personal Representative of the Estate of Earnest Woody.

necessary.  Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

  B. Analysis

 Plaintiff alleges that this Court lacks diversity jurisdiction because all Defendants are citizens of Maryland.  Pursuant to 28 U.S.C. § 1441(b), cases based upon diversity jurisdiction may be removed "only if none of . . . the defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Therefore, "section 1441(b) forbids removal of a suit on the basis of diversity where a defendant is a citizen of the state in which a suit is brought."  ITT Indus. Credit Co. v. Durango Crushers, Inc., 832 F.2d 307, 308 (4th Cir. 1987); Dewhurst v. Telenor Invest AS, 83 F.Supp.2d 577, 595 (D. Md. 2000).  Here, Plaintiffs' brought this action in the state of Maryland. Plaintiffs have alleged, and Defendants have not disputed, that all of the Defendants are citizens of Maryland.  Moreover, Defendants' Notice of Removal clearly shows that each Defendant is indeed a citizen of Maryland.  Furthermore, Defendants' response to Plaintiffs' Motion to Remand consents to the relief requested.  Under these circumstances, it appears that removal was improper under § 1441(b) and the case should therefore be remanded to state court.

## CONCLUSION

 For the aforementioned reasons, the Court concludes that all Defendants are citizens of Maryland, and therefore diversity jurisdiction has not been satisfied.  Therefore, Plaintiffs' Motion to Remand this action back to state court is GRANTED.  An order consistent with this opinion shall follow.

May 3, 2005                     /s/
Date                      Alexander Williams, Jr.
                       United States District Judge